# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ESRIEL PRADO**                                                                                      **PLAINTIFF**

**versus**                                     **CIVIL ACTION NO. 5:08cv175-DCB-MTP**

**CONSTANCE REESE, et al.**                                                         **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the court on the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [18]. Having reviewed the submissions of the parties, and the applicable law and being fully advised in the premises, the undersigned recommends that the Defendants' Motion [18] be GRANTED.

### FACTUAL BACKGROUND

Plaintiff Esriel Prado was convicted of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. On February 23, 2006, Plaintiff was sentenced to a term of thirty-seven months imprisonment by the Honorable Judge Shabaz in the Western District of Wisconsin. Plaintiff was projected to be released from serving his criminal sentence on June 2, 2008.[1] The Bureau of Prisons ("BOP") website indicates that Plaintiff was released on August 12, 2008.[2] Defendants submit that Plaintiff was removed from the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City") by immigration authorities on July 9, 2008, and may have been deported to Mexico.[3]

---

[1] *See* Exs. 1 and 2 to Motion [18].

[2] *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=06007-090.

[3] Plaintiff filed a Notice of Change of Address [17] on July 28, 2008, indicating he had moved from FCC Yazoo City to the following address: 5150 Anton Dr. #205, Fitchburg,

Plaintiff, proceeding *pro se*, filed his complaint on or about April 4, 2008, against the following Defendants: Constance Reese, former Warden at FCC Yazoo City (now the Warden at the Federal Correctional Institution in Talladega, Alabama); Russell A. Perdue, Associate Warden (AW) at FCC Yazoo City; Roy C. Cheatham, Captain at FCC Yazoo City; Salvatore A. Castelli, Sr., Deputy Captain at FCC Yazoo City; Debra D. Dawson, Special Investigative Supervisor (SIS) at FCC Yazoo City; and, Darryl L. Hooks, Unit Manager at FCC Yazoo City.[4] The claims alleged in Plaintiff's complaint occurred while he was incarcerated in FCC Yazoo City.

Plaintiff alleges that Defendants placed him in an "18-month Supermax-type atypical control unit" on August 20, 2007, solely based on his Mexican descent or nationality.[5] Plaintiff claims he was placed in this supermax unit without notice of the charges or an opportunity to be heard. He claims he suffered significant hardships in this unit, including 158 hours per week or more of cell confinement, deprivation of haircuts and general population privileges, and deprivation of visitation, law library access and religious services. He claims Defendants acted with deliberate indifference to his constitutional rights.

Plaintiff seeks compensatory damages in the amount of $3 million; exemplary damages in the amount of $10 million; a restraining order to prevent Defendants from retaliating against him; and fees, costs, and interest.

On August 26, 2008, Defendants filed their Motion to Dismiss or, in the Alternative, for Summary Judgment [18]. Because Plaintiff failed to timely respond to the motion, the court

---

Wisconsin 53717.

[4]Attorney General Michael B. Mukasey (incorrectly spelled "Murksey" in the compliant) was dismissed as a defendant by the court's Order [11] dated June 25, 2008.

[5]*See* Complaint [1] at 4.

entered an Order [20] directing Plaintiff to respond to the motion by October 29, 2008. Plaintiff failed to respond to the motion, despite the court's Order [20] directing him to do so.

## STANDARD

Because the Defendants have submitted matters outside the pleadings with their Motion to Dismiss or, in the Alternative, for Summary Judgment [18], the motion should be characterized as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

## ANALYSIS

Plaintiff filed his complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. A *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a Section 1983 action applies to alleged constitutional violations by state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

Defendants claim, in part, that this matter should be dismissed because Plaintiff failed to

exhaust his administrative remedies. In his Complaint, Plaintiff concedes that he did not exhaust his administrative remedies, but claims that his administrative remedy requests were never answered.[6] However, Defendants represent that there are no administrative remedy filings on record pertaining to the issues raised in Plaintiff's complaint; this fact is unrebutted. *See* Ex. 27 to Motion [18].

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983 or "any other Federal law." Accordingly, federal prisoners filing suit under *Bivens* "must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." *Porter v. Russels*, 534 U.S. 516, 524 (2002); *see also Schipke v. Van Buren*, 239 Fed. Appx. 85, 86 (5th Cir. 2007).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't.*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85.

---

[6]*See* Complaint [1] at 3.

4

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Schipke*, 239 Fed. Appx. at 86 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994)). Moreover, the Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Schipke*, 239 Fed. Appx. at 86.

Plaintiff failed to describe the efforts he took to exhaust his administrative remedies, and failed to attach any documentation supporting his assertion that he attempted to exhaust his claims. Instead, he merely claims "all the administrative remedys (sic) were never answer." Complaint [1] at 3. As Defendants point out, even if Plaintiff did file an administrative remedy request and it went unanswered, BOP policy provides authority for inmates who do not receive timely responses to administrative remedy submissions to pursue their appeals. *See* 28 C.F.R. § 542.18.[7]

Plaintiff failed to exhaust his administrative remedies, as conceded in his complaint, and has failed to meet his burden of establishing that administrative remedies were either unavailable or wholly inappropriate to the relief sought or that exhausting his claims would be futile. Indeed, Plaintiff failed to even respond to Defendants' motion.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [18] be granted, and that this matter should be dismissed without prejudice for Plaintiff's failure to exhaust.

---

[7]"If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 2nd day of December, 2008.

s/ Michael T. Parker
United States Magistrate Judge
